# MEMO ENDORSED

*C/din/s*

Kenneth W. DiGia
Dorothy Rosensweig
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant
The Bank of New York

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:** _____
> **DATE FILED:** 2/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JACQUES SMITH Individually and on Behalf
of All Other Persons Similarly Situated,

                  Plaintiff,

      -against-

THE BANK OF NEW YORK,

             · Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

    **ECF CASE**

    07 CV 08546 (DC)

## STIPULATION AND ORDER GOVERNING
## THE PROTECTION AND EXCHANGE OF
## CONFIDENTIAL MATERIAL

        IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the

parties, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of the

Court, that the following Stipulation and Order (the "Order") shall govern the handling of

confidential and proprietary information designated as such by any party or third party (the

"Designating Party") during the proceedings in this Litigation or appeals therefrom ("the

Litigation").

        1.     Any party to the Litigation (or any third party pursuant to paragraph 8

herein) shall have the right to designate as "Confidential" any documents, information, or

NY:1968581v3

deposition testimony, whether produced by it or by another party or non-party to this Litigation, that it believes in good faith contains proprietary or confidential information.

    2.    For purposes of this Order, the word "document(s)" shall include written, typed or printed materials of any kind, including responses to interrogatories and/or requests for admissions, deposition transcripts, sound recordings, transcripts, videotapes, photographs, and any media for preserving, duplicating, or recording written or spoken communications.

    3.    For purposes of this Order, information considered to be confidential or proprietary includes, but is not limited to: (1) payroll, compensation and personnel records of current and former employees of defendant; (2) business and marketing policies, procedures, plans, and strategies, (3) personnel information or policies; and (4) defendant's financial, commercial or other proprietary information not readily available to the general public (collectively "Confidential Material").

    4.    Confidential Material shall be used by the party to whom it is produced (the "Receiving Party") solely for purposes of the Litigation and shall not be used for any other purpose during or after the Litigation, nor shall it be disclosed to any third parties, except as set forth in this Order. Notwithstanding the foregoing, any documents or information previously produced in Civil Action No. 05 CV 8474 (DC), entitled Geraldine Smalls v. The Bank of New York (the "Smalls action"), and designated as "Confidential" in the Smalls action, shall be deemed to have been designated as "Confidential" in this Litigation and may be utilized in this Litigation by either party, subject to the provisions of this Order.

    5.    The designation of material as "Confidential" for purposes of this Order shall be made in the following manner:

(a)    in the case of documents, exhibits, briefs, memoranda or other materials (other than depositions or other pretrial testimony): by stamping "CONFIDENTIAL" on the first page of any material containing any Confidential Material; and

(b)    in the case of depositions or other pretrial testimony: (i) by making such designation on the record at the deposition; or (ii) by written notice, sent by counsel to the other party within fifteen (15) business days after receiving a copy of the transcript thereof that such testimony shall be designated as "CONFIDENTIAL."   In the event that deposition testimony is designated as "CONFIDENTIAL" on the record, the stenographic reporter transcribing such testimony shall be directed by the designating party to bind any transcript page(s) designated as "CONFIDENTIAL" separately and apart from any transcript page(s) not so designated.

6.    All deposition transcripts shall be treated as Confidential Material from the taking of the deposition to fifteen (15) business days after the deposition.

7.    Confidential Material may be disclosed, summarized or otherwise communicated in whole or in part by the Receiving Party only to the following persons, who may make use of such information only in connection with the Litigation:

(a)    outside counsel or in-house counsel who represent parties in the Litigation, and regular and temporary employees of such counsel assisting in the conduct thereof for use in accordance with this Order;

(b)    officers, directors, partners or employees of any party hereto who are performing duties in connection with the Litigation;

(c)    experts or consultants assisting counsel for those parties, pursuant to paragraph 10 of this Order;

(d)    witnesses or deponents, pursuant to paragraphs 9 and 10 of this Order;

(e)    the Court, pursuant to paragraphs 11 and 12 of this Order; and

(f)    court reporters employed in connection with the Litigation.

8.    (a)    In the event that any party (the "Issuing Party") issues or causes to be issued to third parties a subpoena or other lawful process requiring such third parties to produce documents or other information, the Issuing Party shall notify the other party to the Litigation of such subpoena or process, shall furnish the other party with a copy of the subpoena or process and copies of any documents or information provided in response thereto and shall give the other party a reasonable opportunity, consisting of a period of fifteen (15) business days after the other party's receipt of the third party documents or information provided pursuant to such subpoena or process, to designate any such documents or information produced by any third party as "CONFIDENTIAL."    During this period all parties shall treat the documents or information in question as Confidential Material.

(b)    Any third party producing documents or information in the Litigation has the right to designate such documents or information as "CONFIDENTIAL" pursuant to the terms of this Order, in which event it shall have the rights and obligations of any other Designating Party.

9.    Any person may be examined as a witness at trial or during a deposition concerning any Confidential Material, subject to compliance with paragraph 10 of this Order.

10.    (a)    Before a party or its counsel may show or disclose Confidential Material designated by another party or third party to any witness, expert or consultant, that witness, expert or consultant shall be advised that the Confidential Material is disclosed subject to this Order and may not be disclosed or used other than pursuant to the terms of this Order.

(b)    Prior to the use of any Confidential Material during the deposition of a witness who is not produced for deposition by the party asserting confidentiality, the deponent shall be provided with a copy of this Order and agree in writing or verbally on the record at the deposition to be bound by this Order.

11.    Except upon further Order of this Court or as otherwise provided in this Order, no Confidential Material shall be filed with any court, or disclosed in any pleadings, motions, depositions, or other documents placed in the record of the Litigation, unless the materials containing such information are placed in a sealed envelope or other appropriate sealed container, on which shall be endorsed the style of this action, a description of the contents of the container, the words "Confidential – Subject to Court Order" and the following statement or words to this effect:

> This envelope (or container) contains Confidential Material produced in this case by (name of Designating Party); it is not to be opened, nor are the contents to be displayed or revealed to anyone other than the Court, except on Order of the Court.

12.    If any party wishes to use Confidential Material during trial of this action it will, before trial, confer in good faith with the other party to attempt to agree upon a method to protect such Confidential Material.  If the parties are unable to reach agreement, the party opposing the use of such Confidential Material may seek a Court Order protecting such Confidential Material during trial. The parties agree to abide by the terms of this Order pending

resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of trial. Copies of any information or documents designated as "CONFIDENTIAL" that are marked as trial exhibits or otherwise shown to a witness during trial shall have the "CONFIDENTIAL" designation deleted therefrom before they are shown to the witness or the jury unless the Designating Party has obtained an appropriate Protective Order from the Court.

13.     Entering into, agreeing to, producing or receiving Confidential Material under or otherwise complying with this Order shall not be construed as a waiver of any party's rights:

(a)     to object to the production of documents or information that it considers not subject to discovery, including objecting on the basis of confidentiality or privilege;

(b)     to petition the Court for a further Protective Order relating to any Confidential Material;

(c)     to seek a Court determination whether any documents or testimony constitute Confidential Material under the terms of this Order; or

(d)     to object to the introduction of any Confidential Material as evidence at any hearing or trial in this matter.

14.     The parties to this Order may agree to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

15.    The designation of any Discovery Materials as "CONFIDENTIAL" may be withdrawn by the Designating Party at any time by giving written notice to counsel for all parties to the Litigation.

16.    If the Receiving Party has an objection to a "CONFIDENTIAL" designation, the Receiving Party shall notify the Designating Party of its objection within ten (10) business days of receipt of such Confidential Material. The notification must be in writing and must detail the basis for such objection. If the parties cannot agree on the confidentiality of a document after service of such notification, the Receiving Party may, no later than twenty-one (21) days after service of its notification of objection to the designation, apply to the Court for appropriate relief. The information and/or documents shall be treated as Confidential Material pending a decision by the Court.

17.    The inadvertent failure to designate a document as "CONFIDENTIAL" at the time of disclosure shall not be deemed a waiver of the Designating Party's claim of confidentiality. The Designating Party may cure such an inadvertent failure at any time upon written notice to the other party. The disclosure of Confidential Material prior to receipt of such notice shall not be deemed a violation of this Order.

18.    Nothing herein shall limit the parties from any use of Confidential Material that the party has itself produced or has obtained other than through discovery (including third party discovery) in the Litigation.

19.    In the event additional parties join or are joined in this action, they shall not have access to Confidential Material until the newly-joined party or its counsel has executed

and, at the request of any party, filed with the Court its agreement to be fully bound by this Order, or the Court has So Ordered.

20.    If information subject to a claim of Privilege is inadvertently disclosed, such disclosure shall not constitute a waiver of any claim of Privilege.  If a claim of inadvertent disclosure is made, the party in receipt of the information shall promptly return to the claiming party or person the material (and all copies thereof) as to which the claim of inadvertent disclosure has been made.  No summaries, abstracts, compilations, notes or other work product of the receiving party reflecting the contents of such material shall be used in any manner for any purpose in this litigation unless the Court orders otherwise.

21.    The parties agree to be bound by the terms of this Order pending its entry by the Court, and any violation of the Order's terms prior to the entry thereof shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

22.    If a Receiving Party is served with a demand, subpoena or other legal process in any other action or proceeding that seeks discovery material which was produced or designated as "CONFIDENTIAL" by someone other than the Receiving Party, the Receiving Party shall give prompt written notice, to be delivered by overnight courier or facsimile transmission, within five (5) business days of receipt of such demand, subpoena or other legal process to the Designating Party and shall object to its production based on the existence of this Order.

23.    Within thirty (30) days after the termination of this action, including any and all appeals, or within thirty (30) days after the time for taking such appeals has expired without appeal having been taken, counsel shall, at the option of the party that produced any Confidential Material, either (a) return the material and all copies thereof to counsel for the

Designating Party, or (b) certify in writing to counsel for the Designating Party that such documents have been destroyed. No individual or entity other than counsel for the parties to this Agreement may retain any documents which constitute Confidential Material subject to this Order and/or which incorporate or disclose such information. Notwithstanding the foregoing, counsel for the parties may retain for their files one copy of any such Confidential Material.

24.     After the termination of this Litigation, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Material has been disclosed or communicated and who have agreed to be bound by this Order.

New York, New York
~~October 31, 2007~~
January 29, 2008

LOCKS LAW FIRM, PLLC

By: _____
     Fran L. Rudich, Esq.

110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333
Attorneys for Plaintiff

EPSTEIN BECKER & GREEN, P.C.

By: _____
     Dorothy Rosensweig
     Kenneth W. DiGia
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
Attorneys for Defendant


SO ORDERED:

_____
U.S.D.J.

2/4/08