```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

GERALDINE SMALLS,                      :

                    Plaintiff,         :

          - against -                  :        05 Civ. 8474  (DC)

THE BANK OF NEW YORK,                  :

                    Defendant.         :

- - - - - - - - - - - - - - - - - -x            MEMORANDUM DECISION

JACQUES SMITH,                         :

                    Plaintiff,         :

          - against -                  :        07 Civ. 8546  (DC)

THE BANK OF NEW YORK,                  :

                    Defendant.         :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08

**APPEARANCES:**   (See last page)

**CHIN, District Judge**

Plaintiffs Geraldine Smalls and Jacques Smith bring these related actions under The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and New York labor laws, against defendant The Bank of New York ("BONY").  For the reasons that follow, both complaints are dismissed <u>sua</u> <u>sponte</u> for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### BACKGROUND

On October 3, 2005, plaintiff Jerijah Ward filed the original complaint in the above-captioned case, <u>Smalls v. Bank of New York</u>.  On March 8, 2006, Ward filed an amended complaint,

joining Geraldine Smalls as a plaintiff.  In the amended
complaint, plaintiffs, individually and on behalf of all other
persons similarly situated, asserted claims against BONY pursuant
to § 16(b) of FLSA.  Specifically, plaintiffs alleged that they
were improperly classified as exempt employees and deprived of
wages by BONY's failure to pay one and one half their regular pay
rate for hours worked in excess of eight hours per day and/or
forty hours per week.  On October 13, 2006, I dismissed Ward's
claims for lack of subject matter jurisdiction -- her provable
damages were only $42.50 and defendant's tender of that amount
(and more) rendered the claims moot -- and amended the caption to
include only Smalls.  Ward v. Bank of N.Y., 455 F. Supp. 2d 262
(S.D.N.Y. 2006).

          The Court held a pre-trial conference in the Smalls
case on December 8, 2006.  At the conference, the Court set a
briefing schedule for Smalls to make her motion for class or
collective action certification.  Smalls's motion was due March
9, 2007; BONY's opposition was due April 6, 2007; and Smalls's
reply was due April 16, 2007.

          By letter dated April 6, 2007, defense counsel alerted
the Court to the fact that Smalls's counsel had defaulted in
filing the motion for class or collective action certification.
On April 25, 2007, Smalls's counsel notified the Court that the
failure was due to "nothing more than an oversight on the part of
the [law firm's] calendar clerk," and requested additional time.
In an order dated May 2, 2007, I denied Smalls's request for an
extension of time to move for class or collective action

certification.  In my order I noted that it was Smalls's counsel,
and not the calendar clerk, who attended the December 8, 2006
conference where the briefing schedule was set, and that it took
Smalls's counsel thirteen days following the receipt of defense
counsel's letter to respond.  I further ordered the <u>Smalls</u> action
to proceed as a single-plaintiff case.

Plaintiff Jacques Smith commenced her action,
individually and on behalf of all other persons similarly
situated, in the District Court for the Eastern District of New
York on June 27, 2007.  On October 2, 2007, the case was
transferred to this Court and assigned to me as a related case.
Smith is represented by the same counsel as Smalls and her
complaint makes similar allegations.[1]

The Court held a pre-trial conference in the <u>Smith</u>
matter on October 26, 2007.  Both counsel for Smith and Smalls
attended, and the Court treated the conference as one for both
cases.  At the conference I set a schedule for plaintiff Smith's
motion for collective and class action certification.  Smith was
to make her motion by January 11, 2008; BONY's opposition was due
by February 8, 2008; and Smith's reply was due by February 19,
2008.  I also requested that the parties sign a stipulation of
discontinuance in the <u>Smalls</u> matter in anticipation of Smith's
motion for class or collective action certification, as Smalls
would have the right to opt into the <u>Smith</u> action.  I also

---

[1]  The Court's ECF system lists both Locks Law Firm PLLC and
Bromberg Law Office, P.C. as counsel for Smalls, but only lists
Locks Law Firm PLLC as counsel for Smith.  On the appearances
sheet for the October 26, 2007 conference, however, both firms
indicated that they represented both Smith and Smalls.

ordered that all discovery be completed by April 25, 2008.
Finally, I ordered the parties to appear at a conference on April
25, 2008 at 10:00 a.m.

On November 2, 2007, defense counsel forwarded a
proposed stipulation of discontinuance in the Smalls matter to
plaintiffs' counsel.  On November 15, 2007, as plaintiffs'
counsel had not responded, defense counsel emailed plaintiffs'
counsel to inquire about the status of the stipulation.
Plaintiffs' counsel raised some objections to the proposed
stipulation on November 18, 2007, and on November 27, 2007,
defense counsel forwarded an electronic version of the
stipulation with a request that plaintiffs' counsel make the
desired changes.

January 11, 2008 came and went, and Smith's counsel
again missed the deadline for filing the motion for class or
collective action certification, again without requesting an
extension.  I received a letter from defense counsel on January
17, 2008, requesting that the Smith action be treated as a
single-plaintiff case in light of Smith's default.  The Court
received an undated letter from Smith's counsel on January 22,
2008 -- eleven days after the motion was due -- claiming that he
did not understand that a firm deadline for filing the motion had
been set at the October 26, 2007 conference.

On February 8, 2008, I issued an order that the Smith
case be treated as an individual action going forward.  In the
order, I noted that this was the second time plaintiffs' counsel
had defaulted, and that I was unpersuaded by Smith's counsel's

-4-

letter that a reasonable explanation existed for the failure to file the motion. I did not accept Smith's counsel's representation that he did not understand that a firm deadline had been set; as specific dates had been set for filing the motion, opposition, and reply, his assertion was baffling.

On April 25, 2008 at 10:00 a.m., counsel for BONY appeared at the scheduled conference. Counsel for plaintiffs Smith and Smalls, however, failed to appear. My courtroom deputy placed a telephone call to both counsel for plaintiffs and neither answered. Plaintiffs' counsel Brian Bromberg later returned my deputy's call, claiming that he did not attend the conference because he did not have notice of it. This was not true, as the conference had been scheduled at the prior conference. Plaintiffs' other counsel, Fran Rudich, never returned my deputy's call.

I conducted the conference without plaintiffs' counsel present. At the conference, defense counsel notified me that:

(1) Smalls's counsel notified them that Smalls expressed a desire to discontinue her action;

(2) Smalls's counsel failed to amend, sign, and return the stipulation to dismiss prior to the deadline for making her motion for class or collective action certification;

(3) Only after my February 8, 2008 order did Smalls's counsel return the stipulation, which was, at that point, no longer relevant;

(4) Defense counsel raised concerns regarding

-5-

interrogatories in a March 7, 2008 letter to Smith's counsel, who never replied;

(5) Defense counsel set forth objections to a deposition notice in a January 25, 2008 letter to Smith's counsel, who never replied; and

(6) Defense counsel has not heard from plaintiffs' counsel since March 11, 2008.

## DISCUSSION

For the reasons that follow, the complaints are both dismissed pursuant to Rule 41(b) for failure to prosecute.

### A. Applicable Law

A district court has the discretion to dismiss a case for a lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Lukensow v. Harley Cars of N.Y., 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (citing Harding v. Fed. Reserve Bank of N.Y., 707 F.2d 46 (2d Cir. 1983)). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

Dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). A plaintiff

-6-

cannot, however, escape responsibility for failing to prosecute her claim, even if her attorney is the source of the delay and not the plaintiff herself.  See Link, 370 U.S. at 633-34; Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) ("[A]bsent a truly extraordinary situation, the client is not excused from the consequences of his attorney's nonfeasance."). Litigants "have an obligation to comply with court orders" and litigants who "flout that obligation . . . must suffer the consequences of their actions."  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).  The determination to dismiss pursuant to Rule 41(b) should be made in "light of the whole record."  Id.  Generally, a dismissal under this provision constitutes an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

The Second Circuit has established five factors for a district court to consider in determining whether to dismiss a complaint under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (alterations in original).  Not all of these factors need to be present for a court to dismiss, and the factors apply regardless

of whether plaintiff is proceeding <u>pro se</u> or is represented by
counsel.  <u>Guatam v. N.Y. City Mayor's Office of Operation</u>, No. 92
Civ. 1014 (SAS), 1996 WL 422264, at *1 (S.D.N.Y. July 29, 1996).

**B.    <u>Application</u>**

      Smalls and Smith failed to prosecute their claims in
the following ways:

- Both defaulted in filing their motions for class and
  collective action certification, ignoring court orders
  setting briefing schedules;

- Both failed to respond to correspondence from defense
  counsel;

- Both failed to appear at the April 25, 2008 conference;
  and

- There has been no activity in either case for nearly
  two months.

      I address the five factors set forth by the Second
Circuit in turn:

      First, plaintiffs have failed to comply with the
Court's orders and respond to defendant's correspondence on an
ongoing basis.  Plaintiffs have provided no good excuse for
missing the Court's deadlines or for failing to attend the
scheduled conference.  Furthermore, there has been no activity in
this case or communication from plaintiffs for nearly two months.
<u>See</u> Copeland v. Rosen, 194 F.R.D. 127, 131-32 (S.D.N.Y. 2000)
("Although the Second Circuit has affirmed the dismissal of cases
for delays of less than two months . . . and in one case for a
delay of two days . . . there is no 'magic number.'" (citations
omitted)).  Accordingly, this factor weighs in defendant's favor.

      Second, although plaintiffs were never explicitly
warned that their claims would be dismissed if they failed to

comply with court orders, plaintiffs surely were on constructive notice. When a court gives plaintiff prior warning of the possibility of dismissal, and plaintiff then fails to act, the warning weighs in favor of dismissal. See Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 353 (S.D.N.Y. 2005). A court is not required, however, to give notice to a party that its claims face dismissal. See id. It is well settled that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." See Link, 370 U.S. at 633 (concluding that the circumstances called for dispensing of the notice and hearing requirement). The Court's orders dated May 2, 2007 and February 8, 2008 alerted plaintiffs to their default, and the Court took action against them in response. The Court also called plaintiffs' counsel when they were supposed to appear at the April 24, 2008 conference, and counsels' response (or lack thereof) was wholly inadequate. Accordingly, the Court's actions under these circumstances constituted sufficient notice. This factor weighs slightly in favor of dismissal.

    Third, defendant has been prejudiced by the delay. Defense counsel has already devoted significant time and resources in preparing for plaintiffs' impending motions for class and collective action certification, which never came. The first of these cases has been pending for two and a half years. This factor weighs in defendant's favor. See Lyell Theater Corp.

-9-

v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to
defendants resulting from unreasonable delay may be presumed.").

Fourth, plaintiffs have had a fair opportunity to be
heard and have not taken that opportunity.  While these two cases
do not alone overly burden the Court's calendar, protracted
delays in these cases does burden the Court.  See Jacobs v.
County of Westchester, No. 99 Civ. 4976 (WCC), 2008 WL 199469, at
*6 (S.D.N.Y. Jan. 22, 2008) ("Although a court can not deny a
plaintiff the right to be heard in the interest of avoiding
docket congestion, where a plaintiff could have avoided dismissal
'there can be no claim by plaintiff[] that [its] due process
rights have been denied.'" (quoting Europacific, 233 F.R.D. at
354)).  Furthermore, plaintiffs' failure to file their motions
works to overburden this Court and further harm defendants, as
now there are separate actions proceeding instead of a single
collective action.  It is notable that no other plaintiffs opted
into either action, so only these two named plaintiffs would be
affected by dismissal.  This factor therefore weighs in
defendant's favor.

Fifth, no lesser sanction would suffice.  Both
plaintiffs have been given a full opportunity to litigate their
cases and have not taken advantage of that opportunity.  In light
of their repeated failures, I am convinced that they would not
take advantage of any further opportunities to prosecute their
cases.  See Antonio, 2006 WL 2819598, at *4.  Furthermore,
plaintiffs' counsel has notified defense counsel that Smalls
wishes to discontinue her action.  Ultimately, "'[d]elays have

-10-

dangerous ends and unless district judges use the clear power to
impose the ultimate sanction when appropriate, exhortations of
diligence are impotent.'"   Lediju v. N.Y. City Dep't of
Sanitation, 173 F.R.D. 105, 111 (S.D.N.Y. 1997) (quoting Chira v.
Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980)).   This
factor also weighs in defendant's favor.

          The balancing of the five factors weighs in favor of
dismissal for failure to prosecute pursuant to Rule 41(b).   See
Zaddack v. A.B. Dick Co., 773 F.2d 147 (7th Cir. 1985) (dismissal
proper where plaintiff failed to file memorandum concerning class
certification, attorney failed to appear for a conference on
time, and there were numerous discovery continuances requested);
Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970),
cert. denied, 403 U.S. 912 (1971) ("It is well settled that a
district court has inherent power to dismiss a case for failure
to prosecute and there is no abuse of discretion when counsel
fails to appear at a pre-trial conference and when there is
evidence of prior dilatory conduct.").

## CONCLUSION

          For the reasons set forth above, both complaints are
dismissed, with prejudice and without costs.   The Clerk of Court
shall enter judgment accordingly and close the cases.

          SO ORDERED.

Dated:     New York, New York
           April 29, 2008

                                        DENNY CHIN
                                        United States District Judge

-11-

**APPEARANCES:**


LOCKS LAW FIRM PLLC
Attorneys for Plaintiffs Geraldine Smalls and Jacques Smith
      By:  Fran L. Rudich, Esq.
110 East 55th Street
New York, New York  10022


BROMBERG LAW OFFICE, P.C.
Attorneys for Plaintiffs Geraldine Smalls and Jacques Smith
      By:  Brian Lewis Bromberg, Esq.
40 Exchange Place, Suite 2010
New York, New York  10005


EPSTEIN, BECKER & GREEN, P.C.
Attorneys for Defendant Bank of New York
      By:  Dorothy Rosensweig, Esq.
           Kenneth DiGia, Esq.
250 Park Avenue
New York, New York  10177